THOMAS, Judge,
dissenting.
I respectfully disagree with the main opinion’s characterization that the testimony of Superintendent Charles Warren, Principal Ronald Bell, and Stuart Mitchell amounted to admissions that Mitchell had failed to follow the DeKalb County Board of Education’s Code of Student Conduct and Student Handbook (“the Board policy”). The Board policy defines “corporal punishment” as “moderate use of physical force or physical contact by a principal or designee as may be necessary to maintain discipline or enforce school rules. Witness must be present,” The Board, policy also provides that corporal punishment may be administered for “any violation which the school officials may deem reasonable to fall within this category after consideration or extenuating circumstances.” The undisputed testimony was that Mitchell delivered one swat with a paddle and that a witness was present. Moreover, I agree with the DeKalb Circuit Court (“the trial court”)- that, even assuming that Mitchell paddled P.L. and the other students for failing a test, Mitchell was ‘“exercising judgment in the discharge of duties imposed by statute, rule, or regulation in ... educating students.’ ” See Ex parte Butts, 775 So.2d 173, 178 (Ala.2000) (quoting Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000)).
Í also agree with the trial court that the evidence presented demonstrated that “[t]he child was not traumatized or injured.” Mitchell testified in his deposition that he was not angry with P.L. and that he did not apply more than moderate force when he paddled P.L. Jonathan Phillips, the teacher who served as a witness, testified in his deposition that, when he observed Mitchell paddle P.L., Mitchell' did not use more than moderate force and that P.L. did not appear upset or to be in pain after he was paddled.' P.L. testified in his deposition that his buttocks had hurt “[t]he rest of the period, a little bit on the bus ride home.”[2] He also testified that he had participated in football practice later that afternoon. Furthermore, P.L. testified *703 that he had continued to go to Mitchell’s classroom with his friends during their break to discuss topics such as hunting and fishing and also that Mitchell had assisted him with a school assignment from another teacher.
For the reasons set forth above, I would affirm the summary judgment entered in Mitchell’s favor based upon state-agent im-niunity.

. The record indicates that school was dismissed shortly after Mitchell paddled P.L.